# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00286-MR
# [CRIMINAL CASE NO. 1:13-cr-00043-MR-DLH-1]

| | |
|---|---|
| MATT DAVIS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on consideration on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Doc. 1], the Government's Response [Doc. 3], and Petitioner's Reply [Doc. 4].

## I.   BACKGROUND

On December 19, 2013, Petitioner and others were charged in a Superseding Bill of Indictment with conspiracy to possess with intent to distribute a quantity of "synthetic cathinones" or Alpha-PVP, a Schedule I controlled substance analogue, in violation of 21 U.S.C. § 846 and 841(a)(1) (Count One) [Criminal Case No. 1:13-cr-00043 ("CR"), Doc. 106: Superseding Bill of Indictment].  In addition to Count One, Petitioner was

charged in seven other counts related to the possession with intent to distribute Alpha-PVP. [Id.].

On June 11, 2014, Petitioner pleaded guilty pursuant to a written plea agreement to Count One of the Superseding Bill of Indictment. [CR Doc. 157: Acceptance of Guilty Plea]. On April 9, 2015, the Court sentenced Petitioner to a term of 156 months' imprisonment. [CR Doc. 177: Judgment]. He did not file a direct appeal.

On December 21, 2015, Petitioner filed the present motion to vacate, asserting a number of claims, including claims of prosecutorial misconduct, ineffective assistance of counsel, and others. As is relevant to the instant proceeding, Petitioner claims that his counsel failed to file a notice of appeal despite his explicit directions. [Doc. 1]. After conducting an initial review, the Court ordered the Government to file a Response to Petitioner's § 2255 motion, which the Government did on March 3, 2016. [Doc. 3]. Petitioner file a Reply to the Government's Response on March 16, 2016. [Doc. 4].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court

has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

In its Response, the Government concedes that Petitioner's claim of ineffective assistance of counsel based on the failure to file a direct appeal

warrants the granting of his motion, in part, and the entry of an amended judgment so that he may file a direct appeal. [Doc. 3 at 3-4].[1]

Upon examining Petitioner's Motion to Vacate, the Court concludes that Petitioner has set forth an adequate claim that he repeatedly instructed his attorney to file a direct appeal, but that his attorney failed to do so. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985) (defendant presumed to suffer prejudice in the wake of attorney's failure to file direct appeal after being instructed to do so). Notwithstanding the appellate waiver set forth in the Plea Agreement, Petitioner still has an absolute statutory right to file a direct appeal from his judgment. See Rodriguez v. United States, 395 U.S. 327, 330-32 (1969). Because it appears that Petitioner was denied his statutory right to appeal, the Court will vacate his judgment and enter an amended judgment from which he may file a direct appeal. Petitioner must file his appeal within 14 days from entry of the amended judgment. Petitioner's

---

[1] Petitioner objects to the Court granting his motion to vacate in part on the basis of his claim of ineffective assistance arising from counsel's failure to file a notice of appeal. Specifically, Petitioner argues that such a determination "without a hearing would be improper both for defense counsel['s] due process protections and [Petitioner's] due process protections." [Doc. 4 at 3]. Petitioner's argument is without merit. Petitioner has no standing to assert a due process violation on behalf of his former counsel. Further, Petitioner's due process rights would be unaffected by such a ruling. By granting the motion to vacate in part, the Court gives Petitioner an opportunity to pursue any appealable claims before the Fourth Circuit, and following the disposition of that appeal, he may renew any of his dismissed habeas claims in a new motion to vacate pursuant to 28 U.S.C. § 2255.

4

remaining claims for relief will be dismissed without prejudice to his ability to present those issues in a subsequent collateral proceeding should he choose to do so.

### ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **GRANTED IN PART** for the reasons stated. The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as the original Judgment [CR Doc. 177]. Petitioner shall have fourteen (14) days from the entry of the Amended Judgment to file a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit.

**IT IS FURTHER ORDERED** that Petitioner's remaining grounds for relief are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: May 9, 2016

Martin Reidinger
United States District Judge